E-FILED
Thursday, 28 October, 2004 03:47:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DIVISION OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| SHAWN L. COX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 04-2214 |
| vs. | ) | |
| | ) | Jury Trial Demand |
| RESTAURANT EFUND, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
OCT 28 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## MOTION TO DISMISS

NOW COMES Defendant, RESTAURANT EFUND, by and through its attorneys, DILSAVER & NELSON, and presents this Honorable Court with the following Motion to Dismiss the Complaint filed herein by the Plaintiff, SHAWN L. COX, pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof states as follows:

1.  When making a determination as to a Motion to Dismiss, "the complaint is construed in the light most favorable to the Plaintiff; its well-pleaded factual allegations are taken as true and all reasonably-drawn inferences are drawn in favor of the Plaintiff." *Shaver v. Trauner,* 198 U.S. Dist. LEXIS 19647, 2(C.D. Ill. Dist. 1998).

2.  If, however, the Plaintiff's claim as plead, "is 'without legal consequence,' dismissal is proper" as "[o]ne of the purposes of Rule 12(b)(6) is to eliminate actions that are fatally flawed in their legal premise and are destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity." *Id.*

3.  On or about the 1st day of October 2004 Plaintiff filed herein a Complaint.

4.  Said Complaint alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq.

5.  Plaintiff's specifically alleges that a letter sent to Plaintiff by Defendant on or about May 10, 2004 violated Sections 1692e, 1692e (4), 1692e (5), and 1692e (10) by falsely implying that Plaintiff committed a crime and that nonpayment of a debt will result in arrest or imprisonment.

6.  Plaintiff bases this allegation upon a quote found in the letter which reads as follows: "Failure to contact us upon receipt of this letter will be interpreted as an attempt to use a worthless check to obtain goods fraudulently."

7. Section 1692e prohibits a debt collector from using "any false, deceptive or misleading representation or means in connection with the collection of any debt."

8. Subsection (4) of said section prohibits "the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

9. Subsection (5) of said section prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

10. Subsection (10) of said section prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

11. To determine if a violation of the Fair Debt Collection Practices Act has occurred, the Court is to use the "unsophisticated" consumer standard. *Gammon v. GC Services Limited Partnership,* 27 F. 3d 1254, 1257 (7th Cir. 1994).

12. The "unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet admits an objective element of reasonableness." *Id.*

13. When applying the "unsophisticated consumer" standards "[d]ebt collectors are required to conform precisely to the requirements of the Act but are not held liable for bizarre or idiosyncratic interpretations of collection notices, and debtors are not to be considered fools or idiots." *Shaver,* 1998 U.S. Dist. LEXIS at 7.

14. The afore-described quotation from the May 10, 2004 letter does not explicitly or implicitly state that Plaintiff's nonpayment will result in his arrest or imprisonment or the seizure, garnishment, attachment or sale of any property or wages unless such a bizarre or idiosyncratic interpretation is applied.

15. The afore-described quotation from the May 10, 2004 letter does not explicitly or implicitly state that any action will be taken against Plaintiff that cannot legally be taken or that is not intended to be taken unless such a bizarre or idiosyncratic interpretation is applied.

16. The above-described quotation from the May 10, 2004 letter is not a false representation or deceptive means to collect or attempt to collect the debt Plaintiff owes to Papa John's unless a bizarre or idiosyncratic interpretation is applied.

17. The May 10, 2004 letter does not in any way otherwise violate 15 U.S.C. § 1692e unless a bizarre or idiosyncratic interpretation is applied and, therefore, Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, Defendant, RESTAURANT EFUND, prays that this Honorable Court dismiss the Complaint filed herein by Plaintiff, SHAWN L. COX, and grant such other and further relief as this Court deems equitable and just.

Dated October 27, 2004.

RESTAURANT EFUND, Defendant

By: DILSAVER & NELSON

_____
E. Lee Waite, II

E. Lee Waite, II
DILSAVER & NELSON
1500 Broadway Avenue
Mattoon, IL 61938
Ph: 217-235-5651; Fax: 217-235-5255