E-FILED
Monday, 08 November, 2004  04:49:07 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| SHAWN L. COX, | ) | |
| | ) | 04-2214 |
| Plaintiff, | ) | |
| | ) | Jury Trial Demand |
| vs. | ) | |
| | ) | Judge Harold A. Baker |
| RESTAURANT EFUND, | ) | |
| | ) | Magistrate Judge David G. Bernthal |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**I.   INTRODUCTION**

Defendant Restaurant eFund is alleged in Plaintiff Shawn L. Cox's Complaint to have violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692, when it sent a debt collection letter that made deceptive threats and threatened criminal prosecution. *Exhibit A of Complaint*. Defendant asserts that Plaintiff has no remedy against it because, it claims, Plaintiff has not properly pled some of the essential elements of a cause of action. Defendant is mistaken. Plaintiff has pled a cause of action under the FDCPA. Accordingly, the Motion to Dismiss should be denied.

**STANDARD OF REVIEW**

The Defendant is bringing a Motion to Dismiss pursuant to F. R. Civ. P. 12(b)(6) for failure to state a cause of action. In order to prevail upon a motion to dismiss for failure to state a claim, the Defendant must meet an extremely high burden. The court must accept all factual allegations in Cox's claim as true. All inferences are drawn in favor of the Plaintiff and all ambiguities are resolved in favor of the Plaintiff. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). It may grant Defendant's motion to dismiss "only if it

appears *beyond all doubt* that [Cox] *can prove no set of facts in support of his claims* which would entitle him to relief." *Gorski v. Troy*, 929 F.2d 1183, 1186 (7th Cir. 1991), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (emphasis added).

## II.    FACTUAL ALLEGATIONS

Plaintiff, Shawn L. Cox, is an individual who resides in Charleston, Coles County, Illinois. *Paragraph 3 of the Complaint*. Defendant, Restaurant eFund, is a business entity with a place of business located at 1031 E. Battlefield, Suite 213A, Springfield, MO 65807. *Paragraph 4 of Complaint*. Defendant, Restaurant eFund, is engaged in the business of debt collection. *Paragraph 5 of the Complaint*. Sometime prior to May 10, 2004, Plaintiff wrote two NSF checks to Papa John's in Charleston, Coles County, Illinois. *Paragraph 6 of the Complaint*. Papa John's either sold the debts to Defendant Restaurant eFund or placed the debts with Defendant Restaurant eFund for collection. *Paragraph 7 of the Complaint*. On May 10, 2004, Defendant Restaurant eFund created a debt collection letter and sent it to the Plaintiff at his residence in Charleston, Illinois. *Paragraph 8 of the Complaint*. The letter states, "Failure to contact us upon receipt of this letter will be interpreted as an attempt to use a worthless check to obtain goods fraudulently." *Paragraph 9 of the Complaint quoting from Exhibit A attached to the Complaint*. Defendant Restaurant eFund violated sections 1692e, 1692e(4), 1692e(5), and 1692e(10) by falsely implying that the Plaintiff committed a crime and that nonpayment of a debt will result in arrest or imprisonment. *Paragraph 10 of the Complaint*.

III.  ARGUMENT

    A.    **Plaintiff has met the pleading burden for stating a cause of action under the Fair Debt Collection Practices Act.**

Plaintiff has met his very low burden of pleading. The Court must accept all factual allegations in Cox's claim as true. All inferences are drawn in favor of the Plaintiff and all ambiguities are resolved in favor of the Plaintiff. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992). It may grant Defendant's motion to dismiss "only if it appears *beyond all doubt* that [Cox] *can prove no set of facts in support of his claims* which would entitle him to relief." *Gorski v. Troy*, 929 F.2d 1183, 1186 (7th Cir. 1991), *quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (emphasis added). Plaintiff has plead that he created a debt by writing two NSF checks to Papa John's. *Paragraph 6 of the Complaint.* That the debt was placed with Defendant for collection. *Paragraph 7 of the Complaint.* That Defendant is a debt collector. *Paragraph 5 of the Complaint.* That Defendant sent a debt collection letter to Plaintiff. *Paragraph 8 of the Complaint.* That the debt collection letter contained the following statement: "Failure to contact us upon receipt of this letter will be interpreted as an attempt to use a worthless check to obtain goods fraudulently." *Paragraph 9 of the Complaint.* That the statement violated the Fair Debt Collection Practices Act. *Paragraph 10 of the Complaint.* That the Plaintiff suffered actual damages. *Paragraph 11 of the Complaint.*

    B.    **Defendant's Motion is based upon an erroneous application of the law and wishful thinking.**

The Defendant bases its' Motion to Dismiss on its interpretation of the unsophisticated consumer standard and its own view regarding the debt collection letter it sent to Plaintiff. The

3

Defendant is correct in citing the unsophisticated consumer standard in *Gammon v. GC Services Limited Partnership*. Defendant is incorrect in stating it is bizarre or idiosyncratic for a consumer to interpret "Failure to contact us upon receipt of this letter will be interpreted as an attempt to use a worthless check to obtain goods fraudulently," as the consumer did something wrong and faces criminal liability. The Defendant used the existence of the criminal offense of deceptive practices to strongly encourage consumers to pay the debt. Simply put, it is for a trier of fact to decide whether a letter that states, "Failure to contact us upon receipt of this letter will be interpreted as an attempt to use a worthless check to obtain goods fraudulently," is a violation of the Fair Debt Collection Practices Act. It is also worth noting that the case relied upon by the Defendant, *Shaver v. Trauner*, involves an entirely different section of the Fair Debt Collection Practices Act, Section 1692g.

**IV.     CONCLUSION**

For all the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint should be denied. Alternatively, in the event that the Court determines that Plaintiff's Complaint is for some reason deficient, the Court should grant Plaintiff leave to file an Amended Complaint.

Respectfully submitted,

SHAWN L. COX, Plaintiff

Dated: November 8, 2004.

s/ Roy Jackson Dent
Roy Jackson Dent Bar Number 6255835
Attorney for Plaintiffs
Brankey & Smith, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:   (217) 345-6232
E-Mail: rdent@brankeysmithpc.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | |
|---|---|
| SHAWN L. COX, | ) |
| | )    04- |
|     Plaintiff, | ) |
| | )    Jury Trial Demand |
| vs. | ) |
| | ) |
| RESTAURANT EFUND, | ) |
| | ) |
|     Defendant. | ) |

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the attached PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS has been electronically served upon:

E. Lee Waite, II
Dilsaver & Nelson
1500 Broadway Avenue
Mattoon, IL 61938

SHAWN L. COX, Plaintiff

Dated: November 8, 2004.

s/ Roy Jackson Dent
Roy Jackson Dent Bar Number 6255835
Attorney for Plaintiffs
Brankey & Smith, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:　 (217) 345-6232
E-Mail: rdent@brankeysmithpc.com

5