### UNITED STATES DISTRICT COURT
### CENTRAL DIVISION OF ILLINOIS
### DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| SHAWN L.  COX, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **04-2214** |
| vs. | ) | |
| | ) | **Oral Argument Requested** |
| RESTAURANT EFUND, | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, RESTAURANT EFUND, by and through its attorneys,

DILSAVER & NELSON, and presents this Honorable Court with the following Memorandum of

Law in Support of the Motion to Dismiss the Complaint filed herein by Plaintiff, SHAWN L.

COX, and in support thereof states as follows:

**I.  FACTS:**

On or about the 1st day of October, 2004, Plaintiff filed with this Court a Complaint.  Said

Complaint alleges that Defendant has committed various violations of the Fair Debt Collection

Practices Act.  Specifically, Plaintiff alleges that a certain collection letter dated May 10, 2004, or,

more precisely, one sentence contained therein, violates 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5),

and 1692e(10).  A copy of this letter was filed with the Court by Plaintiff on October 12, 2004 as

Plaintiff's Exhibit "A".

Defendant was served with a Summons and a copy of the Complaint on October 12, 2004.

Within 20 days thereafter, on or about the 28th day of October, 2004, Defendant filed a Motion to

Dismiss Plaintiff's Complaint.  Said Motion to Dismiss was filed pursuant to Federal Rule of Civil

Procedure 12(b)(6) in that Plaintiff has failed to state a claim on which relief can be granted.

## II. Argument:

A. Standards applicable to resolving the Motion to Dismiss:

When making a determination as to a Motion to Dismiss, "the complaint is construed in the light most favorable to the Plaintiff; its well-pleaded factual allegations are taken as true and all reasonably-drawn inferences are drawn in favor of the Plaintiff." *Shaver v. Trauner,* 198 U.S. Dist. LEXIS 19647, 2 (C.D. Ill. 1998). However, "a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Shaver*, 198 U.S. Dist. LEXIS at 2-3. Further, if Plaintiff's claim as plead, "is 'without legal consequence,' dismissal is proper" as "[o]ne of the purposes of Rule 12(b)(6) is to eliminate actions that are fatally flawed in their legal premise and are destined to fail, thus sparing litigants the burdens of unnecessary pretrial and trial activity." *Shaver*, 198 U.S. Dist. LEXIS at 3

When, as here, a plaintiff's complaint is accompanied by an attached document, that document may be considered with the complaint when determining whether or not a motion to dismiss should be granted. *Shaver*, U.S. Dist. LEXIS at 4. This Court may rule as a matter of law based upon the language utilized in a debt collection letter that said letter does not violate Section 1692e without the need to submit this question to a jury. *Combs v. Direct Marketing Credit Services, Inc.*, 1998 U.S. App. LEXIS 32670 (7th Cir. 1998).

B. Defendant has not violated Sections 1692e, 1692e(4), 1692e(5) or 1692e(10) of the Fair Debt Collection Practices Act:

Plaintiff claims that "Defendant Restaurant eFund violated section 1692e, 1692e(4),

1692e(5), and 1692e(10) by falsely implying that the Plaintiff committed a crime and that nonpayment of a debt will result in arrest or imprisonment." (Complaint, paragraph 10). Section 1692e prohibits a debt collector from using "any false, deceptive or misleading representation or means in connection with the collection of any debt." Section 1692e(4) prohibits "the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." Section 1692e(5) prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken." Section 1692e(10) of said section prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

It is important to note that Plaintiff's allegation must immediately fail as written as it would appear that Plaintiff did, in fact, commit a crime. Specifically, pursuant to 720 ILCS 5/17-1(B) entitled "Deceptive practices":

> (B) General deception  A person commits a deceptive practice when, with intent to defraud:
>
> (d) With intent to obtain control over property or pay for property, labor or services of another ... he issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. Failure to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of 2 occasions at least 7 days apart, is prima facie evidence that the offender knows that it will not be paid by the depository, and that he has the intent to defraud."

The opening paragraph of Plaintiff's Exhibit "A" reads "This firm represents the merchant

3

listed below regarding a check that you gave them for their services.  The check was dishonored by your bank and returned without payment."  The letter later points to two checks numbered 0474 and 0478 written to "Papa John's #30" for $10.00 and $12.00 respectively.  As such, if Plaintiff delivered these checks knowing that he did not have sufficient funds in his account, he is guilty of Deceptive Practices.  Further, if Plaintiff did not have enough funds in his account at the time he wrote the checks to cover them or 2 attempts were made at least 7 days apart to deposit one or both of the checks, prima facie evidence exists that he was guilty of Deceptive Practices.  However, such a determination cannot be made based upon Plaintiff's Complaint or Exhibit "A".

According to 720 ILCS 5/17-1, a person who commits Deceptive Practices in violation of Subsection (B)(d) of that statute is guilty of a Class A Misdemeanor where, as here, the value of the property or services obtained does not exceed $150.  A Class A Misdemeanor carries with it a possible term of imprisonment of up to one year pursuant to 730 ILCS 5/5-8-3(a)(1).  The statute of limitations on a Class A Misdemeanor does not run in Illinois until one year and 6 months after the commission of the crime pursuant to 720 ILCS 5/3-5(b).  As a result, if the May 10, 2004 would have implied that Plaintiff committed a crime and could be arrested and imprisoned, such a statement would not necessarily be false as alleged in the Complaint.

However, Defendant neither explicitly nor implicitly made such a statement in the letter.  Courts are to determine the explicit or implicit meaning of a debt collection letter through the eyes of an objective consumer receiving such a letter.  *Gammon v. GC Services Limited Partnership*, 27 F.3d 1254 (7th Cir. 1994).  In many Circuits throughout the United States the objective standard that is applied has been referred to as the "least sophisticated debtor" or "least sophisticated consumer" standard.  *Gammon*, 27 F.3d at 1257.  However, the Seventh Circuit has

4

decided that this represents something of a misnomer as "[e]ven assuming that [the least sophisticated debtor or consumer] would be willing to do so, such a consumer would likely not be able to read a collection notice with care (or at all), let alone interpret it in a reasonable fashion." *Gammon*, 27 F.3d at 1257.

The literal application of such an incredibly low standard would ignore the fact that "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Gammon*, 27 F.3d at 1257; quoting from *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir. 1993). As such, even courts that use the "least sophisticated debtor" or "least sophisticated consumer" standard agree that some degree of reasonableness must be included to protect "debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Gammon*, 27 F.3d at 1257; quoting from *Clomon*, 988 F.2d at 1320. Since the "least sophisticated consumer" is not really the person on which a correct analysis should be based, the Seventh Circuit has adopted a standard for making determinations under the Fair Debt Collection Practices Act that it refers to as the "unsophisticated consumer standard". *Gammon*, 27 F.3d at 1257. In adopting this standard the Seventh Circuit stated:

> We reiterate that an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness. The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters. *Gammon*, 27 F.3d at 1257.

Plaintiff appears to entirely rely upon the following passage from the letter to support his claim, "Failure to contact us upon receipt of this letter will be interpreted as an attempt to use a

worthless check to obtain goods fraudulently." However, pursuant to the applicable law "collection letters should be read in its entirety and as a whole – not in discrete passages." *Riddle & Associates, P.C. v. Kelley*, 2001 U.S. Dist. LEXIS 15712, 14 (N.D. Ill. 2001).

Whether read in whole or in part, the letter does not indicate that any legal action will be taken, either of a civil or criminal nature. According to the Northern District of Illinois, "[f]or a collection letter to threaten action under § 1692e(5), it must communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Jenkins v. Union Corporation*, 999 F.Supp. 1120, 1136 (N.D. Ill. 1998). Further, "[c]ourts have found violations of § 1692e(10) where notices falsely represent 'that unpaid debts would be referred to an attorney for immediate legal action." *Combs*, 1998 U.S. App. LEXIS at 6.

The letter itself does not appear to be from a lawyer or law firm. The letter does not make any references to a "law suit", "legal proceeding", "legal action", or any other such terms. There is no indication that the debt will be turned over to an "attorney", "lawyer", "law firm", or any other such person or place that would traditionally be associated with the initiation of a civil legal proceeding. The letter also does not mention a "crime", "criminal action", or "criminal proceeding" and does not indicate that the states attorney, district attorney, attorney general, or any other person with criminal prosecutorial powers will get involved. In fact, it does not even state that a report will be made to any police agency with the power to investigate any possible criminal violations committed by Plaintiff.

An unsophisticated consumer carefully reviewing the letter as a whole should be left with one conclusion, that Defendant does not know what has transpired except that Plaintiff submitted

two bad checks to Papa Johns store number 30.  However, it is quite possible that this was merely

as a result of a mistake on Plaintiff's part or even an error on the part of Plaintiff's bank or other

third party.  If that is, in fact, what happened, Plaintiff may make payment to rectify this mistake

or contact Defendant at the telephone number provided to work out some arrangement or

otherwise clear up the mistake.  Further, if this was an innocent mistake on the part of Plaintiff, no

further action should be warranted if Plaintiff fixes the mistake.

The other possibility, of course, is that Plaintiff actually intended to give Papa Johns two

bad checks and has no intention of rectifying the situation.  If this is what happened, Plaintiff did,

in fact, "attempt to use a worthless check to obtain good fraudulently" or, more precisely, two

worthless checks.  However, this does not necessarily imply that civil or criminal proceedings are

underway or imminent, which is necessary before a violation of § 1692e may be found.  *Jenkins*,

999 F.Supp. at 1136.  Instead, at the very most the letter could be reasonably interpreted as

providing Plaintiff with a reminder that litigation is an available step in the debt collection process,

especially if Plaintiff's submissions of the dishonored checks were not as a result of innocent

mistakes.  Such a reminder is lawful under the Fair Debt Collection Practices Act.  *Jenkins*, 999

F.Supp. at 1138.  Even this interpretation, though, is strained considering the fact that no words

are used that would imply that a civil or criminal proceeding is underway or even imminent.


**III.  Conclusion:**

Plaintiff's Complaint must be viewed in the light most favorable to Plaintiff  in defense of

this Motion to Dismiss.  However, a careful reading of the letter provided by Plaintiff in support

of his Complaint in light of the applicable standards and law clearly shows that Defendant did not

violate the Fair Debt Collection Practices Act as alleged by Plaintiff. As such, Plaintiff's Complaint is doomed to fail. This Court should dismiss this Complaint so as to allow the Parties to avoid unnecessary pretrial and trial activities and the costs associated with such activities.

WHEREFORE, Defendant, RESTAURANT EFUND, prays that this Honorable Court dismiss the Complaint filed herein by Plaintiff, SHAWN L. COX, and grant such other and further relief as this Court deems equitable and just.

Dated November 22, 2004.

RESTAURANT EFUND, Defendant

By: DILSAVER & NELSON


/s/ E. Lee Waite II
One of It's Attorneys

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 22nd day of November 2004 a copy of the *Memorandum of Law in Support of Motion to Dismiss* was deposited in a United States Postal Service box in Mattoon, Illinois, in an envelope with proper postage prepaid and addressed to the following:

Roy Jackson Dent
Brankey & Smith
622 Jackson Ave.
Charleston, IL 61920

/s/ E. Lee Waite II
E. Lee Waite, II

E. Lee Waite, II
DILSAVER & NELSON
1500 Broadway Avenue
Mattoon, IL 61938
Ph: 217-235-5651; Fax: 217-235-5255